129 F.3d 129
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henrietta T. YESUFU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 96-70601, Azl-nmo-ffw.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1997.**
Decided Nov. 5, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals Dunne, Cole, and Guendelsberger, Judges, Presiding
 Before: PREGERSON, D.W. NELSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Henrietta Yesufu, a native and citizen of Nigeria, petitions for review of the decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed Yesufu's appeal from the immigration judge's order. The immigration judge's order denied Yesufu's application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We remand for proper consideration of Yesufu's extreme hardship claim.
 
 
 3
 Yesufu argues that the BIA abused its discretion by failing to consider adequately the hardship that she and her American-citizen child would suffer upon deportation.
 
 
 4
 We review for abuse of discretion the BIA's determination that an applicant has failed to establish extreme hardship. See Tukhowinich v. INS, 64 F.3d 460, 463 (9th Cir.1995). To be eligible for suspension of deportation, an applicant must show that deportation would result in extreme hardship to her or to a qualifying relative who is a United States citizen or a lawful permanent resident. 8 U.S.C. § 1254(a)(1). Although the BIA has the authority to construe "extreme hardship" narrowly, it must consider all relevant factors and state its reasons for denying relief. See Watkins v. INS, 63 F.3d 844, 848 (9th Cir.1995) (citations omitted). When relevant factors in the applicant's claim are distorted or disregarded, denial of relief is arbitrary and the decision-maker has abused its discretion. See Tukhowinich, 64 F.3d at 464.
 
 
 5
 In two recent cases, this court ruled that the BIA abused its discretion by not considering the petitioner's special assistance to the community before denying her application for suspension of deportation. See Gutierrez-Centeno v. INS, 99 F.3d 1529, 1534 (9th Cir.1996); Urbina-Osejo v. INS, No. 95-70648, 1997 WL 592092, at * 5 (9th Cir. September 26, 1997).
 
 
 6
 In Gutierrez-Centeno, the petitioner, a nurses' aid, cared for AIDS patients, Alzheimer's patients, and the developmentally disabled. This court found that the "work she had done on behalf of these persons in need of special care merits the most serious consideration." Gutierrez-Centeno, 99 F.3d at 1534. Special assistance to the community alone may not establish extreme hardship. Nonetheless, special assistance to the community is a factor to consider in determining eligibility for suspension of deportation and must be considered in combination with the other relevance factors. See id. at 13:33-34 ("[T]he BIA abused its discretion by failing to show proper consideration of all relevant factors"; "[u]nder BIA precedent, special assistance to the community is a relevant factor for suspension of deportation.").
 
 
 7
 Similarly, Urbino-Osejo involved a volunteer telephone counselor for the Sari Francisco Aids Foundation. She taught AIDS-prevention to Spanish-speaking callers. Both the immigration judge and the BIA denied her application for suspension of deportation. On appeal, this court remanded the case to the BIA for a review of the petitioner's claim of extreme hardship. See Urbina-Osejo, 1997 WL 592092, at * 5. One of the reasons for remand was that "the BIA entirely failed to consider Urbina's special assistance to the community, which 'is a relevant factor for suspension of deportation.' " Id. (quoting Gutierrez-Centeno, 99 F.3d at 1534).
 
 
 8
 Here, the BIA considered Yesufu's age, length of residence in the United States, family ties in the United States and Nigeria, health, financial status, employment opportunities, and the age of her American-citizen daughter. The BIA also considered educational opportunities and health care in Nigeria, the effect of a forced sale of Yesufu's home and business, and the difficulty for Yesufu and her daughter to adjust to life in Nigeria.
 
 
 9
 But the BIA did not consider Yesufu's special assistance to her community when determining whether she established a prima facie case of extreme hardship.[1] Yesufu's opening brief to the BIA stated that her assistance to the community is a relevant factor to consider when determining extreme hardship. Yesufu provided the BIA with documents verifying that she is a full time second- and third-grade teacher in Compton Unified School District. She was a regular volunteer of Our Saint Joseph Catholic Church in Hawthorne. She also testified to advising youth of all ages and participating in activities with them. She submitted a letter from Saint Joseph's Church to verify her involvement with the Youth Ministry as a prayer leader, program planner and involvement counselor. She later became involved at Saint Paul's Church, where she teaches catechism and is a member of the choir. She testified to being a liaison between the church and the African-American community by encouraging fellow church-members to participate in multi-cultural events. She is involved in the Gamma Youth Club at Compton Elementary School, where she works with other teachers to recruit and involve young students in weekend activities such as camping, hiking, and survival skills. She also testified to her involvement in the Christ Apostolic Women's Organization, and she is a member of an organization that deals with education and hiring of teachers in Compton.
 
 
 10
 In sum, Yesufu showed that she made a significant contribution to her community. In light of Gutierrez-Centeno and Urbina-Osejo, the BIA abused its discretion when it assessed Yesufu's extreme hardship claim without considering her special assistance to her community. Accordingly, we reverse and remand so that the BIA properly may consider--both separately and cumulatively--Yesufu's assistance to her community when the BIA reevaluates Yesufu's extreme hardship claim.
 
 
 11
 REVERSED and REMANDED.
 
 
 
 **
 The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a); Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The BIA addressed Yesufu's ties to the community only when it determined that she was of good moral character